UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Daniel Maurice Fowler ) | |
| SSN XXX-XX-8805 ) | CASE NO: 05-10053-HB |
| Marsha Dean W Fowler ) | CHAPTER: 13 |
| SSN XXX-XX-7851 ) | |
| ) | OBJECTION TO FIRST FEDERAL'S |
| ) | MOTION FOR RELIEF FROM |
| ) | AUTOMATIC STAY |
| ) | |
| ) | |
| DEBTORS ) | |

The above referenced Debtors, by and through their undersigned attorney, herewith file the following objection to the Motion for Relief From Automatic Stay (Motion) filed by First Federal Savings and Loan Association of South Carolina (Movant) on March 3, 2008. Debtors dispute this Motion and demand strict proof thereof. Debtors deny that Movant is entitled to relief from stay. Debtors dispute Movant's request for attorney fees to the extent that those fees have not been actually incurred by the Movant, to the extent that those fees are not both reasonable and necessary, to the extent that those fees are not specifically provided for by the underlying Note and Mortgage, to the extent that those fees are not recoverable pursuant to applicable state law, and to the extent that those fees are not supported by actual contemporaneously kept time records. Debtor also objects to the waiver of any rights under Bankruptcy Rule 4001(a)(3).

In response to the allegations in Movant's Motion, Debtors allege as follows:

1. Debtors deny paragraph 4 of Movant's Motion since it is contradicted by the attachments to Movant's Motion.

2. Debtors agree that a partial payment in the amount of about one-half of the regular payment was made during the month of February, 2008, but Debtors are unable to determine whether or not they were actually in default for part of that month at the time of this Motion since it appears from the attached pay history that Debtors often pay more than the required payment. Debtors allege that it would be necessary to see a life of loan pay history to determine whether they are actually in default for part of the month of February, 2008, which pay history has not yet been provided to them.

3. Debtors deny that they were in default for the month of March, 2008 at the time of this Motion, which was filed on March 3, 2008. Although pursuant to the Note attached to Movant's Motion the monthly payment is due on the 1st of each month, the payment is not late until the 17th of each month, and Debtors should not equitably be considered to be in default for a monthly payment until after the grace period has passed.

In addition, Debtors' schedules filed in this case clearly show that this property is the Debtors' principal residence. Pursuant to 11 U.S.C. Sec. 362(d)(2)(b), Debtors claim that this property, being the Debtors' principal residence, is necessary to the Debtors' successful reorganization under Chapter 13. Pursuant to 362(d)(2)(a), Debtors also claim that Debtor has equity in this property. Movant should be estopped from denying either of these allegations pursuant to this Court's holding in In Re Knox, C/A No. 02-13517-JW (Bankr. D.S.C. 2003) since both Movant's Motion and attached Certification of Facts form seek relief only under 362(d)(1). Debtors therefore deny that any default exists and propose to immediately cure in full any default that the Court may find in Debtors' payments to Movant, if that becomes necessary to prevent the court from granting relief from stay.

The pay history attached to Movant's Motion clearly show that Debtors routinely pay more than the amount required by the Note, thereby calling into question the partial

delinquency asserted for February, 2008. In addition, the first entry on Movant's pay history is confusing. It purports to be a payment in the amount of $405.00 received on December, 2005 and credited to January 1, 2005, but since the Certification of Facts form requests that only post-petition payments be listed on this pay history, and since Debtors filed their Chapter 13 bankruptcy on September 5, 2005, this entry raises the question whether this is an extra payment not properly credited to Debtors' account, which, though uncertain, may even show that Debtors' account is actually paid one month ahead.

Furthermore, Debtors call attention to the fact that even if Movant's Motion is considered in the light most favorable to Movant, at best there is about a two and one-half week default alleged, since the records provided by Movant show that Debtors have at least paid for all but two weeks in February, and that the March payment was due for no more than one-half week at the time this Motion was filed. Debtors allege that a default of 2 1/2 weeks after paying on a mortgage faithfully for over two years during a Chapter 13 bankruptcy is not a material default, and not cause for relief from stay under 362(d)(1). Also, pursuant to industry standard Fannie Mae guidelines regarding the servicing of single family residential mortgages, legal actions to recover residential real estate, such as foreclosure, should not be commenced until after more than a 60 day default. Movant's precipitous action in this case to obtain relief from stay violates the principles of that industry standard, and calls into question Movant's good faith. A court of equity, such as this Court, should not allow such unusual, unnecessary, and unkind motions to prosper, especially in situations such as this where the Debtors' equity in their residence has not been questioned.

Regarding Debtors' equity in their residence, which has not been questioned, Debtors allege that Movant could have easily have established the fair market value of the residence, but have failed to do so since the presence of equity in the residence provides a source of adequate protection to Movant in the event of any future need for the Movant to satisfy this loan from the proceeds of the sale of the residence. Movant's failure to provide the figures requested on the Certification of Facts form should be construed against them and be considered by this Court as evidence of adequate protection of their interest under 362(d)(1), and therefore lack of cause to grant relief from stay.

In the event that the Movant withdraws this Motion, or if the Court denies Movant's Motion, Debtors request that the Court award sanctions against Movant for bringing an improper motion for relief from stay pursuant to this Court's prior rulings in <u>In Re Asbill</u>, *et seq.* and that they be allowed to recover their damages, including both actual damages, including attorney fees, costs, and emotional distress, along with punitive damages, if appropriate, at that time.

WHEREFORE, Debtors respectfully request that the Court Order as follows:

1. That Movant's Motion for relief from stay be denied.

2. That the Court deny waiver of Rule 4001(a)(3).

3. That denies Movant any attorney fees.

4. That treats any payments tendered to Movant after Motion was filed as having been made when tendered, even if refused by Movant.

5. That the Court issue an Order declaring Debtors' mortgage account to be current and that none of Movant's attorney fees shall be charged to Debtors' account.

6. That Debtors be awarded such actual damages and punitive damages as may be appropriate.

7. For such other and further relief as is just and proper and that the Court may allow.

Dated: March 13, 2008 /s/ John R. Cantrell, Jr.
Cantrell Law Firm PC
PO Box 1276, Goose Creek, SC 29445-1276
843-797-2454 Ct. ID # 4951
309-213-0922 (fax)
lawyer@cantrellclan.com

## CERTIFICATE OF SERVICE

The undersigned states that he served the above Objection along with the attached Certification of Facts on the Movant at the address of their attorney of record (Clawson & Staubes, LLC, 126 Seven Farms Drive, Suite 200, Charleston, SC 29492-7595) by mailing them, on this date, copies of the those documents, first class, postage prepaid. The Trustee has been served by the Court by electronic notice only pursuant to the Trustee's waiver of service by mail previously filed with this Court.

Dated: March 13, 2008 /s/ John R. Cantrell, Jr.
John R. Cantrell, Jr.
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: Daniel Maurice Fowler ) <br> SSN XXX-XX-8805 ) <br> Marsha Dean W Fowler ) <br> SSN XXX-XX-7851 ) <br> ) <br> ) <br> ) <br> _____DEBTOR. ) | CASE NO: 05-10053-HB <br> CHAPTER: 13 <br><br> CERTIFICATION OF FACTS |

In the above-entitled proceeding, in which relief is sought by First Federal Savings and Loan Association of Charleston from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1) Nature of Movant's Interest:     Title not examined.  Debtor can not not know for certain that Movant is current owner and holder of Note and Mortgage, and therefore the real party in interest, without a title examination.  Debtor demands production of original Note, which appears to be a bearer instrument, to ascertain that ownership of this loan has not been transferred to another entity.

(2) Brief Description of Security Agreement, copy attached (if applicable): See Movant's Certification of Facts.

(3) Description of Property Encumbered by Stay (include serial number, lot and block number, etc.).
    See Movant's Certification of Facts

(4) Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362).
    Movant is not entitled to relief from stay under 362(d)(2) since Movant fails to seek relief under that subsection.  Movant is not entitled to relief from stay under 362(d)(1), since Movant is adequately protected by Debtors undisputed equity cushion and other cause for relief from stay does not exist.

(5) Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).  N/A

(6) Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

| | |
|---|---|
| Fair Market Value | $48,700 or more |
| Liens (Mortgages) | $See Movant's cert (unverified) |
| Equity Before Exemption | $undisputed presence of equity |
| Debtor's Exemption (-) | $N/A against Movant's lien |
| Net Equity | $undisputed equity |
| Source/Basis of Value | Current tax assessor's value |

(7) Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra).: $undisputed equity

(8) Month and year in which first post-petition direct payment became due to Movant:
    October 1, 2005

(9)     (a) For Movant/Lien Holder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount and month and year of which each such payment was applied. (See Movant's Certification of Facts)

   (b) For Objecting party (if applicable):  List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection:
   Debtors are not aware of any payments missing from pay history through date of Movant's Motion, but payments may have been tendered by Debtor since filing of Motion. Payments may also have been made prior to filing of bankruptcy that have not been properly accounted for, since the Note attached to Movant's Motion shows that the loan has been in existence since April 13, 1992 and the pay history shows that Debtors almost always pay more than the $399.85 required by the Note.

(10)  Month and year for which post-petition account of Debtor(s) is due as of the date of this Motion:
   Unknown without life of loan pay history, but Debtor alleges no earlier than March 1, 2008

Date: March 13, 2008

               <u>/s/ John R. Cantrell, Jr.</u>
               Attorney for Debtor
               Cantrell Law Firm PC
               PO Box 1276, Goose Creek, SC 29445-1276
               843-797-2454 Ct. ID # 4951
               309-213-0922 (fax)
               lawyer@cantrellclan.com