UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Daniel Maurice Fowler<br>SSN xxx-xx-8805<br>Marsha Dean W Fowler<br>SSN xxx-xx-7851<br><br>                  Debtor(s).<br><br>Daniel Maurice Fowler<br>Marsha Dean W Fowler,<br>                  Plaintiff(s),<br>v.<br><br>First Federal Savings and Loan Association<br><br>                  Defendant. | CASE NO:   05-10053-HB<br><br>Adv. Pro. No.: 08-_____<br><br>CHAPTER:     13 |

**COMPLAINT SEEKING INJUNCTIVE RELIEF, DAMAGES, AND OTHER RELIEF IN A CORE ADVERSARY PROCEEDING**

COMES NOW, Plaintiff, in the above-styled and numbered cause, and files this complaint for injunctive relief, contempt of court, actual, punitive and compensatory damages and sanctions and would show the following:

**JURISDICTION AND VENUE**

1.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this core proceeding arises under, arises in, and is related to the above-captioned bankruptcy case under Title 11 and concerns property of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Sections 1391 and 1409 of Title 28 of the United States Code.

## PARTIES

5. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in the above captioned case, presently pending before this court. The Plaintiff is referred to as the Plaintiff or the debtor.

6. The Defendant, First Federal Savings and Loan Association (First Federal or Defendant) was named in the bankruptcy schedules as a creditor of the Plaintiff and has made an appearance in that case. Defendant is a wholly owned subsidiary of First Financial Holdings, Inc., a Delaware corporation, with a principal office address of 34 Broad Street, Charleston, South Carolina.

## FACTUAL ALLEGATIONS

7. The Plaintiff filed a voluntary Chapter 13 petition on September 5, 2005 and notice of filing was sent to the Defendant.

8. The Plaintiff has a mortgage loan account with the Defendant. Said

account is primarily for household and/or consumer use.

9. The Defendant filed a sworn proof of claim form in the Plaintiff's Chapter 13 case on September 13, 2005, denoted as Claim # 1. The claim was listed as secured in the amount of $22,796.77.

10. The proof of claim displayed the Plaintiff's social security numbers on the last page of the attached mortgage form without redaction.

11. The Defendant subsequently filed a motion for relief from the automatic stay on March 3, 2008.

12. The motion for relief from stay also displayed the Plaintiff's social security numbers on the last page of the attached mortgage form without redaction.

13. Plaintiff has just within the last few days noticed this publication of their social security numbers by the Defendant in these documents filed with the bankruptcy court.

14. The proof of claim and the motion for relief from stay (jointly called "filed documents") are public documents and the Defendant has made the Plaintiff's private, sensitive and personal nonpublic information available to any and all persons with a computer and internet access.

15. The filed documents present the Plaintiff's full and complete legal names and social security numbers for the whole world to see. Sufficient personal and private data is revealed for an identity thief to hijack the Plaintiff's identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), and Medical Identity

Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

16. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act. This Court implemented such procedures and privacy requirements by local rule.

17. The Defendant is a sophisticated financial creditor with knowledge of the bankruptcy rules and procedure. Defendant has an obligation to comply with all applicable rules and statutes when filing claims and motions while participating in the bankruptcy process.

18. The Defendant has intentionally communicated or otherwise made available to the general public the personal, sensitive and private data of the Plaintiff in direct violation of standard of care set by The Gramm-Leach-Bliley Act, 15 U.S.C. 6801 et seq., The Local Rules of the United States Bankruptcy Court, District of South Carolina, The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq., Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and others.

## COURT RECOGNITION OF PRIVACY CONCERNS

19. "Both Congress and other circuits have discussed the significant privacy concerns surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating

against individuals that refuse to release their SSNs. Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. §552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

Other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that "indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). Indeed, two of our sister circuits have held that public disclosure of SSNs in files requested under the FOIA constituted a clearly unwarranted invasion of personal privacy under exemption 6. See *Norwood v. FAA*, 993 F.2d 570, 575 (6th Cir.1993) (determining that redaction of SSNs from FOIA documents necessary to protect identities of individuals discussed in documents); *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988) (holding that redaction of social security numbers necessary because requestor failed to demonstrate any public interest in disclosure of the SSNs)."

Nevertheless, we recognize that individual citizens have a substantial informational privacy right to limit the disclosure of their SSNs, and consequently reduce

the risk that they will be affected by various identity fraud crimes.

*Sherman v. U.S. Dept. of Army*, 244 F.3d 357, C.A.5 (Tex.), 2001.

## FIRST CAUSE OF ACTION:
## VIOLATION OF GRAMM-LEACH-BLILEY ACT,
## 15 U.S.C. SUBCHAPTER I, §6801-6809

20. The plaintiff realleges each foregoing paragraph as though fully set out herein.

21. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of nonpublic personal information finding that it is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. §6801.

22. A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. §1609(3)(A).

23. Defendant is in the business of engaging in financial activities by making loans to consumers.

24. The Defendant has failed comply with and abide by its own privacy policy as required by 15 U.S.C. §6803.

25. The Defendant has disclosed nonpublic personal information by releasing the Plaintiff's social security numbers in a public records forum.

26. The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security and confidentiality of the nonpublic personal information and private data of the Defendant's customers.

27. As a result of the Defendant's willful, grossly careless and direct violation

of the Gramm-Leach-Bliley Act, the Plaintiff has suffered damages, mental anguish and emotional distress and injury.

## SECOND CAUSE OF ACTION:
## CONTEMPT OF COURT AND VIOLATION OF FEDERAL DISTRICT COURT AND BANKRUPTCY COURT ORDERS AND POLICIES AGAINST DISCLOSURE OF PERSONAL IDENTIFIERS AND SENSITIVE DATA

28. The plaintiff realleges each foregoing paragraph as though fully set out herein.

29. As disclosed on the website for the United States District Court for the District of South Carolina at http://www.scd.uscourts.gov/Filing/publicAccess.asp, certain sensitive information, including social security numbers, should not (emphasis from website) be included in any documents filed with the District Court. This policy was adopted in compliance with the E-Government Act of 2002. Since the bankruptcy court is a subdivision of the District Court, this policy applies to them as well.

30. As disclosed on the website for the United States Bankruptcy Court for the District of South Carolina at http://www.scb.uscourts.gov/filingInfo/policy.htm, certain personal data identifiers, including social security numbers, should be partially redacted. This policy was adopted in compliance with the E-Government Act of 2002 and the Privacy Policy of the Judicial Conference of the United States.

31. The categories of information that are deemed by statute, 44 U.S.C. §§3500, et seq., to be "personal identifiers" are not to be stated in pleadings or other court-filed documents, including exhibits, except as provided by the standard operating procedure.

32. These rules also describe the Judicial Conference's policy that certain

personal data identifiers must be partially redacted from the case file or pleading whether it is filed traditionally or electronically. Specifically listed as examples of "personal data identifiers" are (1) Social Security Numbers, (2) Financial Account numbers, and (3) Birth Dates.

33. The policy and local rules also contain cautions and restrictions on the disclosure of Sensitive Information and Data. The following categories of information were deemed "sensitive information" or "sensitive data":

> 1. Personal identifying numbers, such as driver license numbers.
> 2. Medical records, treatments, and diagnoses.
> 3. Employment histories.
> 4. Personal financial information.
> 5. Proprietary or trade secret information.

The cautions, prohibitions and restrictions pertaining to personal identifiers presented in the standard operating procedure are equally applicable to sensitive information and data.

34. By failing to redact or delete the private data, sensitive and nonpublic information of the Plaintiff, the Defendant has willfully violated the Courts' Policies and Local Rules putting the Plaintiff at risk and causing damage by making publicly available the personal data identifiers and sensitive information.

35. Under 11 U.S.C. §105(a) and the bankruptcy court's inherent authority, including the power to sanction for contempt, the Court has the ability to enforce the Court's orders, rules, and to prevent an abuse of process.

**THIRD CAUSE OF ACTION:
CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9037
FAILURE TO REDACT NONPUBLIC INFORMATION**

36. The plaintiff realleges each foregoing paragraph as though fully set out herein.

37. On December 1, 2007, Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the Court's local rules and policies.

38. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS.  Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

39. By filing the private, nonpublic information of the Plaintiff, the Defendant has violated Rule 9037 putting the Plaintiff at risk and causing damage by making publicly available the Plaintiff's personal, sensitive information and nonpublic data.

40. Pursuant to 11 U.S.C. §105, the Court has the authority to issue any order that is necessary to enforce the provisions of Title 11.

41. The bankruptcy court also has the inherent ability to regulate the conduct of any of the parties that appear before it.

WHEREFORE,  the Plaintiff prays for the following relief:

A. A finding that the Defendant is in civil contempt for violating the

established policies, rules and orders of the Court in establishing privacy standards;

      B.    Grant an order of injunctive relief to order Defendant not to breach the Court's privacy regulations in any future filings with the Court upon pain of contempt of Court and automatic granting of an order striking of any such documents filed with the Court upon the filing of an affidavit of non-compliance by any party before this Court;

      C.    Grant sanctions against the Defendant for the intentional revelation of the Plaintiff's private data and knowingly exposing the Plaintiff to risk of identity theft;

      D.    Grant damages against the Defendant for knowingly invading the Plaintiff's right to privacy and violating the standards set by the Gramm-Leach-Bliley Act;

      E.    Award the Plaintiff compensatory damages and punitive damages;

      F.    Award attorney's fees and expenses as sanctions under Section 105(a) of the Bankruptcy Code and the Court's inherent authority to regulate parties that appear before it;

      G.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Date: March 11, 2008

                                  /s/ John R. Cantrell, Jr.
                                  Attorney for Plaintiffs
                                  Cantrell Law Firm PC
                                  PO Box 1276
                                  Goose Creek, SC 29445-1276
                                  843-797-2454 voice
                                  309-213-0922 fax
                                  lawyer@cantrellclan.com
                                  Fed. Ct. ID # 4951